**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 25-2192
_____

RAFAEL MUESES POPOTE

v.

SUPERINTENDENT PINE GROVE SCI; ATTORNEY GENERAL PENNSYLVANIA;
and DISTRICT ATTORNEY BERKS COUNTY

District Attorney Berks County,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No. 5:22-cv-04773)
Senior District Judge: Honorable Joel H. Slomsky

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on November 10, 2025

Before: RESTREPO, McKEE, and AMBRO, *Circuit Judges*

(Opinion filed: January 30, 2026)

_____

OPINION[*]

_____

    [*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not
binding precedent.

RESTREPO, *Circuit Judge*

Appellant, District Attorney of Berks County, Pennsylvania, appeals the grant of Appellee's Petition for Writ of Habeas Corpus filed under 28 U.S.C. § 2254. Appellee alleges the prosecutor violated *Brady v. State of Maryland*, 373 U.S. 87 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), by not disclosing an alleged pretrial agreement for leniency in sentencing that the prosecution allegedly made with two cooperating co-defendants ("Witnesses") in exchange for their testimony at Appellee's trial.

Appellant requests that we reverse the grant of habeas relief because the § 2254 petition was untimely filed, the habeas claims were unexhausted and procedurally defaulted, and in any event, there was no merit to the habeas claims as the record is clear there was no such pretrial agreement. For the reasons explained below, we reverse the District Court's Order granting habeas relief and remand with instructions to deny the habeas petition.

**I.**

On June 3, 2015, criminal charges were filed against Appellee based upon his involvement in a narcotics distribution organization in Berks County. Following a jury trial, he was convicted on all counts. On February 17, 2017, Appellee was sentenced to an aggregate sentence of twenty-six (26) to fifty-five (55) years in a state correctional facility to be followed by twenty-two (22) years' probation.

Appellee filed a counseled post-sentence motion, which was denied on February 27, 2017. New counsel appealed the Judgment of Sentence to the Superior Court of Pennsylvania, which denied the direct appeal on November 7, 2018. No petition for allowance of appeal was filed in the Supreme Court of Pennsylvania.

On October 31, 2019, Appellee filed a counseled collateral petition under Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa. C.S.A. § 9541, et seq. Following a PCRA hearing, the PCRA Court denied the petition on July 27, 2020.

The Superior Court denied the appeal on April 1, 2021, and Appellee filed a counseled petition for allowance of appeal to the Supreme Court of Pennsylvania. On August 9, 2021, allowance of appeal was denied.

On December 1, 2022, new counsel filed Appellee's federal habeas petition raising claims that had not been presented to the state courts on direct or collateral appeal. Following supplemental briefing, the U.S. Magistrate Judge, to whom the petition had been referred by the District Judge, issued a Report and Recommendation ("R&R") concluding that Appellee's habeas claims were time-barred and recommending that the habeas petition be dismissed.

After Appellee filed counseled objections to the R&R, the District Judge scheduled an evidentiary hearing. Following appointment of new counsel for Appellee and the evidentiary hearing, the District Judge issued an Opinion concluding that Appellee's conviction was obtained in violation of *Brady* and *Giglio*. The Court concluded there was some implicit undisclosed pretrial leniency understanding or

3

agreement reached between the prosecution and the Witnesses in exchange for testimony against Appellee.

The District Court further concluded that the habeas petition was timely filed and that, although the *Brady* and *Giglio* claims were procedurally defaulted in the state courts, Appellee demonstrated cause for the default and actual prejudice to excuse the default. The Court therefore granted the § 2254 petition based on Appellee's *Brady* and *Giglio* claims, vacated Appellee's aforementioned convictions and sentences, and directed the Commonwealth to retry or release Appellee within 120 days of the Court's Order. Following the District Attorney's filing of the notice of appeal, this Court granted Appellant's Motion to Stay the District Court's Judgment and Order Pending Appeal.

## II.[1]

It is undisputed that the state courts were not presented with and thus did not adjudicate the merits of Appellee's *Brady* and *Giglio* habeas claims. Therefore, the deferential standards provided by 28 U.S.C. § 2254(d) do not apply. *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001). Our consideration of the District Court's legal conclusions is plenary. *See Morris v. Beard*, 633 F.3d 185, 193 (3d Cir. 2011). Since the District Court held an evidentiary hearing, any factual findings drawn from the evidentiary hearing are reviewed for clear error. *Id.*

---

[1] The District Court had jurisdiction over the habeas petition pursuant to 28 U.S.C. §§ 2241 and 2254. We have appellate jurisdiction under 28 U.S.C. §§ 1291 and 2253.

4

Under *Brady*, the prosecution has the duty to disclose to a defendant's counsel material evidence that is favorable to the defendant. *Brady*, 373 U.S. at 87; *Giglio*, 405 U.S. at 153-54. "We will grant a new trial only if a petitioner demonstrates that (1) the withheld evidence was favorable to him, either because it was 'exculpatory' or 'impeaching,' (2) the State suppressed the evidence, either 'willfully' or 'inadvertently,' and (3) the evidence was material 'such that prejudice resulted from its suppression.'" *Rega v. Sec'y, Pa. Dep't of Corr.*, 115 F.4th 235, 241 (3d Cir. 2024) (quoting *Dennis v. Sec'y, Pa. Dep't of Corr.*, 834 F.3d 263, 284-85 (3d Cir. 2016)).

Here, Appellant does not dispute that the prosecution has a duty to disclose for impeachment purposes pretrial plea agreements between the prosecution and witnesses. However, as Appellant points out, a review of the transcript of the evidentiary hearing in the District Court makes clear that the evidence does not support a finding that the prosecutor had a pretrial agreement with the Witnesses, explicitly or otherwise, for leniency or promises of leniency in sentencing recommendations in return for cooperation or testimony against Appellee. To the contrary, the record reflects that no such agreement existed.

Shortly after the underlying cases were bound over into the Court of Common Pleas, counsel for the Witnesses approached the Assistant District Attorney ("ADA") to inform him their clients were willing to cooperate and testify against Appellee. Each Witness, along with his counsel, had an initial proffer meeting with the ADA. No explicit or implicit agreements or promises for leniency were made to the Witnesses at these meetings.

Similarly, the record establishes that no promises or agreements for leniency were made to the Witnesses at their meetings with the ADA to prepare for their testimony. Finally, the respective plea agreements with the Witnesses were formulated after each testified at trial, and each then subsequently entered his guilty plea. At all the pretrial meetings the ADA had with the Witnesses, the ADA was abundantly clear that there were no promises or agreements being made in exchange for their testimony. Since there was no explicit or implicit pretrial agreement or mutual understanding for leniency with these Witnesses, the District Court committed clear error in finding that the District Attorney violated *Brady* by withholding or failing to disclose such an agreement.

To establish a constitutional violation under *Giglio*, Appellee must show that "(1) [the witness] perjured himself, (2) the Government 'knew or should have known of his perjury,' (3) [the witness's] testimony 'went uncorrected,' and (4) there exists 'any reasonable likelihood that the false testimony could have affected the verdict.'" *Rega*, 115 F.4th at 244 (quoting *Lambert v. Blackwell*, 387 F.3d 210, 242 (3d Cir. 2004)). Here, however, the record is consistent with the testimony of both Witnesses at Appellee's trial – they both testified that they were hoping for leniency, but no agreements or promises had been made. As explained, the District Court committed clear error in finding an undisclosed pretrial agreement for leniency had been reached, and thus the Court erred in concluding there was a violation of *Giglio* because the evidence does not support a conclusion that the Witnesses perjured themselves or that the prosecution knew or should have known of any such perjury. *See id.*

6

The District Court erred in granting Appellee's habeas petition because his claims under *Brady* and *Giglio* are meritless.  Accordingly, we reverse the District Court's Order granting habeas relief and remand to the District Court with instructions to deny the habeas petition.[2]

---

[2] Because Appellee's habeas claims clearly lack merit, we need not address whether the habeas claims were timely filed or whether Appellee demonstrated the cause and prejudice exception to the procedural default rule.